HUGH McCARTNEY, Receiver, etc., Appellant, v. SAMUEL M. WELCH et al., Respondents.

HORACE B. CLAFLIN et al., Appellants, v. THE SAME, Respondents.

(Argued January 12, 1872; decided May term, 1872.)

THESE were actions brought by judgment creditors of defendant, Samuel M. Welch, to set aside an assignment made by him of his property for the benefit of creditors. (Reported below, 44 Barb., 271.) The alleged fraud was in preferring a balance upon a note executed by Welch under the following circumstances:

In 1845 the father-in-law of Welch conveyed to him certain real estate upon a verbal agreement that he (Welch) should dispose of the real estate and use the avails in his business, and at some future day should pay or secure the entire proceeds to his wife. Welch disposed of the lands, realizing therefrom $2,789.57, which he invested and used in his business. In June, 1860, the wife appointed an agent to settle with Welch, and they accounted together and settled the

amount due at $4,970.67, Welch allowing interest on the amount received by him. Welch was at this time insolvent. He gave notes for the amount, payable to the agent or bearer. At the time of the assignment they were all paid save a balance of $486.29, which was preferred in the assignment. *Held*, that the promise of Welch was for a good consideration and imposed an equitable and moral obligation upon him which he might voluntarily perform ; that the lapse of time was not a defence he was bound to regard, and that, therefore, the note was for a good consideration, and its preference not fraudulent *per se*.

EARL, C., dissented upon the ground that it was not the agreement that Welch should pay interest, and that the presumption was that the use was to be a gift to him. He was, therefore, under no obligation, legal or equitable, to pay the interest; and having over-paid the principal, the preference of the interests unpaid was fraudulent and void.

*S. Hubbard* for the appellants.

*John A. Vanderlip* for the respondents.

LEONARD, C., reads opinion for affirmance ; all concur, except EARL, C., who reads opinion for reversal.

Judgments affirmed.